IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:22CV188 |
| ) | |
| GFL UNITED LLC, doing business ) | |
| as Sharpshooters Bar & ) | |
| Billiards; JENNIFER ROCHELLE ) | |
| DAVIS; LARRY WILLIAMS; and ) | |
| DARLENE WILSON, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM ORDER

Thomas D. Schroeder, Chief District Judge.

Before the court is the motion for default judgment pursuant to Federal Rule of Civil Procedure 55 by Plaintiff Joe Hand Promotions, Inc. (Doc. 10.) Plaintiff contends that Defendants GFL United LLC, d/b/a Sharpshooters Bar & Billiards ("GFL United"), Jennifer Davis, Larry Williams, and Darlene Wilson received and exhibited a broadcast of the Deontay Wilder vs. Dominic Breazeale fight (the "Program") without paying Plaintiff the proper licensing fee in violation of 47 U.S.C. § 605 and, in the alternative, 47 U.S.C. § 553. Defendants have neither filed an answer nor made an appearance in this matter. For the reasons set forth below, the court grants Plaintiff's motion as to Defendants Davis and Wilson but denies it without prejudice as to Defendants GFL United and Larry Williams.

## I. BACKGROUND

In considering a motion for default judgment, the court "accepts as true the well-pleaded factual allegations in the complaint as to liability." Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co., 919 F. Supp. 2d 680, 684 (D. Md. 2013) (citing Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780-81 (4th Cir. 2001)). Pertinent here, the facts are as follows:

Plaintiff is a Pennsylvania corporation specializing in distributing and licensing sporting events to commercial locations. (Doc. 1 ¶ 9.) It held the exclusive right to license and distribute the Program, which was broadcast on May 18, 2019, via satellite and cable. (Id. ¶ 10.) Plaintiff entered into agreements with North Carolina commercial establishments that allowed them, in exchange for a fee, to broadcast the Program to their patrons. (Id. ¶ 11.)

Defendant GFL United is a North Carolina business entity that operates Sharpshooters Bar & Billiards ("the Bar"). (Id. ¶ 2.) Defendants Davis, Williams, and Wilson are North Carolinians who acted as officers, directors, shareholders and/or principals of the Bar. (Id. ¶¶ 3-5.) Defendants, without authorization from Plaintiff, received or intercepted the Program through satellite or cable systems and broadcast it to patrons at the Bar. (Id. ¶¶ 13-14.) "At no time did [Plaintiff] give Defendant[s] license,

2

permission or authority to receive and exhibit the Program." (Id. ¶ 12.)

Plaintiff contends that Defendants violated 47 U.S.C. § 605 and, in the alternative, 47 U.S.C. § 553. (Doc. 1 ¶¶ 18, 19.) Plaintiff seeks $9,995.81 in damages and attorneys' fees. (Doc. 11 at 14-15.)

**II. ANALYSIS**

When a motion for default judgment is unopposed, the court must exercise "sound judicial discretion" to determine whether to enter it. United States v. Williams, No. 1:17-cv-00278, 2017 WL 3700901, at *1 (M.D.N.C. Aug. 25, 2017) (internal quotation marks omitted). Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact, but not conclusions of law, contained in the complaint. J & J Sports Prods., Inc. v. Romenski, 845 F. Supp. 2d 703, 705 (W.D.N.C. 2012). The party moving for default judgment must still show that the defaulted party was properly served, Md. State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996), and that the "unchallenged factual allegations constitute a legitimate cause of action," Agora Fin., LLC v. Samler, 725 F. Supp. 2d 491, 494 (D. Md. 2010). See Romenski, 845 F. Supp. 2d at 705 (default judgment is proper when "the well-pleaded allegations in the complaint support the relief sought"). If the court determines that liability is established, it must determine the appropriate amount

3

of damages, making "an independent determination regarding such allegations." Samler, 725 F. Supp. 2d at 494 (citation omitted).

### A. Service of Process

"When confronted with a motion for default judgment, a court may either grant the motion under Federal Rule of Civil Procedure 55(b)(2), or set aside the entry of default for good cause under Rule 55(c)." Capital Concepts, Inc. v. CDI Media Grp. Corp., No. 3:14-cv-00014, 2014 WL 3748249, at *3 (W.D. Va. July 29, 2014); see also Broglie v. Mackay-Smith, 75 F.R.D. 739, 742 (W.D. Va. 1977) ("[T]he issue of whether to grant or deny a motion for entry of default judgment is a matter largely within the discretion of the trial court."). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969). An "Entry of Default may be vacated for failure of service of process." U.S. ex rel. Combustion Sys. Sales, Inc. v. E. Metal Prods. & Fabricators, Inc., 112 F.R.D. 685, 690 (M.D.N.C. 1986). Before a default or default judgment may be entered against a defendant, "service of process must be effective under the Federal Rules of Civil Procedure." Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996). This is because "[a]bsent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell,

4

152 F.3d 304, 306 (4th Cir. 1998). Accordingly, the initial question before the court is whether Plaintiff has sufficiently demonstrated that each of the Defendants was properly served with the summons and complaint.

Service of process on an individual may be accomplished by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. Lostutter v. Olsen, No. 1:16CV1098, 2017 WL 3669557, at *4 (M.D.N.C. Aug. 24, 2017) (quoting Fed. R. Civ. P. 4(e)(1)). Pursuant to North Carolina law, a "natural person can be served by depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt." Lostutter, 2017 WL 3669557, at *4. (quoting N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(d)).[1] "The burden of proving service under Federal Rule of Civil Procedure 4 rests with the plaintiffs." Lostutter, 2017 WL 3669557, at *4; see also Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States

---

[1] In Notice 2016-30, 2016-18 I.R.B. 676, the Internal Revenue Service lists all private delivery services designated by the Secretary as qualifying for timely mailing pursuant to § 7502. Midgett v. Cooper, No. 1:20CV941, 2022 WL 795762, at *2 (M.D.N.C. Mar. 16, 2022) (citing Designation of Private Delivery Servs., 2016-18 I.R.B. 676 (2016)).

5

marshal or deputy marshal, proof must be by the server's affidavit.")

In its effort to establish proper service, Plaintiff's counsel states in his affidavit that Defendants Davis, Williams, and Wilson were each "duly served with process of Summons and Complaint" by a designated delivery service. (Doc. 6 ¶¶ 2-4.) Plaintiff also submits delivery receipts from UPS reflecting that "UPS 2nd Day Air" was used for delivery. (See, e.g., Doc. 6-2.) UPS 2nd Day Air is a qualifying mail delivery service pursuant to § 7502. See Notice 2016-30, 2016-18 I.R.B. 676. The delivery receipts provide the Defendants' addresses, an "adult signature" requirement, and a picture of a signature. (Docs. 6-2 through 6-4; see also Docs. 4-1 through 4-3, showing copies of the summons for Defendants Davis, Williams, and Wilson.)

Davis's and Wilson's addresses on the delivery receipts match the residential addresses listed in the summonses. (Compare Doc. 4-1 with Doc. 6-2 (showing that Defendant Davis's address on the summons matches the delivery receipt), and Doc. 4-3 with 6-4 (showing that Defendant Wilson's address on the summons matches the delivery receipt).) Accordingly, the court can readily infer that Defendants Davis and Wilson received the complaint and summons and therefore that service was proper pursuant to North Carolina law and Federal Rule of Civil Procedure 4(e).

As to Defendant Williams, however, Plaintiff fails to make

6

such a showing that service of process was proper.  Plaintiff lists Williams's street address as "5745 BRAMBLEGATE RD UNIT G," indicating the likelihood of multiple apartment or housing units at that address.  (Doc. 4-2 at 1.)  But the delivery receipt shows delivery only to "5745 Bramblegate Road" and not "UNIT G" at that address.  (See Doc. 6-3.)  Further, the delivery receipt lists the signatory as "TATUM" and not Defendant "Larry Williams."  (Id.)  This is insufficient proof that service was proper because there is no evidence that a suitable person residing at "UNIT G," as opposed to another unit at that address, signed for the package containing the summons and complaint.  It is a plaintiff's responsibility to demonstrate service on a proper address for service.  Scott v. Maryland State Dep't of Labor, 673 F. App'x 299, 306 (4th Cir. 2016) (quoting Lee v. Armontrout, 991 F.2d 487 (8th Cir. 1993)).

As to Defendant GFL United, the court likewise finds that Plaintiff has failed to demonstrate that service of process was proper.  Federal Rule of Civil Procedure 4(h) governs service of process on a limited liability company.  See Reynolds Innovations, Inc. v. E-CigaretteDirect, LLC, 851 F. Supp. 2d 961, 962 (M.D.N.C. 2012).  An LLC may be served by either following state law for serving a summons pursuant to Federal Rule of Civil Procedure 4(h), which permits service as per Rule 4(e)(1), or by delivering a copy of the summons and complaint to "an officer, a managing or general

7

agent, or any other agent authorized by appointment or law to receive service of process." Fed. R. Civ. P. 4(h)(1).

Plaintiff fails to offer evidence that GFL United was served in accordance with this rule. The affidavit of service merely states that "GFL United LLC" has been duly served with the summons and complaint by a designated delivery service. (Doc. 6 ¶ 1.) However, Plaintiff fails to note which, or even whether, an authorized agent signed for the documents, attaching instead a delivery receipt showing that "PERKLEY" signed for the package which was "Left At Front Desk." (Doc. 6-1.) There is no proof that this individual was an appropriate person, e.g., an officer, managing or general agent authorized by appointment of law, to accept service of process. This is therefore insufficient proof to establish that GFL United was properly served, and thus default judgment cannot be entered at this time. See Zond, LLC v. Fujitsu Semiconductor Ltd., 53 F. Supp. 3d 394, 397-98 (D. Mass. 2014) (service of process on receptionist in main lobby of large office complex was insufficient to complete direct service of corporation, absent showing of special circumstance that suggested that receptionist's role was integral to the corporation); Chapman v. U.S. EEOC, No. C07–1527 SBA, 2008 WL 782599, at *3 (N.D. Cal. Mar. 24, 2008) (finding plaintiff's service of process on a clerical employee insufficient pursuant to Rule (4)(h)); see also Reynolds Innovation, Inc., 851 F. Supp. 2d at 963 (declining to

8

enter default judgment after plaintiff failed to properly serve an LLC).

In sum, Plaintiff properly served Defendants Davis and Wilson but not Williams and GFL United. The court therefore turns to the merits of Plaintiff's claims against Davis and Wilson.

**B.   Section 605 Claim**

As a result of their default, Defendants Davis and Williams admit Plaintiff's well-pleaded factual allegations. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001). Plaintiff also provides proof that Davis and Williams are not minors, incompetents, or in the military. Fed. R. Civ. P. 55(b)(2).

In its complaint (Doc. 1) and its motion for default judgment (Doc. 10), Plaintiff seeks relief pursuant to 47 U.S.C. § 605 or, in the alternative, 47 U.S.C. § 553. These two schemes provide relief for the alternate means by which the Program might have been received. See J & J Sports Productions, Inc. v. Brazilian Paradise, LLC, 789 F. Supp. 2d 669, 673 (D.S.C. 2011). Section 605 prohibits improper receipt of the Program by wire or radio (including by satellite), and § 553 prohibits improper receipt by cable. Plaintiff elects damages pursuant to § 605.[2] (Doc. 11 at

---

[2] Because Plaintiff has elected and shown entitlement to relief pursuant to § 605, the court need not determine liability pursuant to § 553. See J & J Sports Productions, Inc., 789 F. Supp. 2d at 674 ("The court recognizes that 47 U.S.C. § 605 would be inapplicable if the delivery

9

5.) In pertinent part, § 605(a) states:

> no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception, [] to any person other than the addressee, his agent, or attorney[.]

47 U.S.C. § 605(a). Therefore, Plaintiff "must demonstrate that Defendants intercepted the Program's signals and 'divulged,' or aired it to commercial patrons." J & J Sports Productions, Inc., 789 F. Supp. 2d at 674.

To support its contentions, Plaintiff submits the affidavit of Michael Robinette. (Doc. 11-3.) Robinette states that on the night of the Program he went to the Bar, which had 5 flat-screen televisions, and watched portions of the Program. (Id. at 1-2.) He also notes he observed details of the Program, such as names of fight participants, their clothing descriptions, and the final results of their individual matches. (Id.) He reports that at various times 3 to 5 patrons were in attendance. (Id. at 2.)

Considering this information and accepting the factual allegations as true, the court finds that Plaintiff establishes that Defendants Davis and Wilson violated 47 U.S.C. § 605(a), and judgment will be entered against those two Defendants as to that

---

were by cable. However, given the default, [Plaintiff] cannot conduct discovery to determine the mode of transmission.")

10

claim. These two Defendants divulged to patrons at the Bar the Program without prior approval, and it was transmitted on televisions within the Bar.

### C. Damages

Plaintiff seeks statutory damages pursuant to § 605(e)(3)(C)(i)(II), rather than actual damages pursuant to § 605(e)(3)(C)(i)(I), because of the difficulty in proving actual damages in this case. (Doc. 11 at 5); see J & J Sports Productions, Inc., 789 F. Supp. 2d at 675. Further, pursuant to § 605(e)(3)(B)(iii), Plaintiff requests costs and reasonable attorneys' fees. Plaintiff also seeks enhanced statutory damages pursuant to § 605(e)(3)(C)(ii), which authorizes the court to enhance damages for willful violations committed for the direct or indirect commercial advantage of a defendant. (Doc. 11 at 8.) In total, Plaintiff requests $9,995.81 in damages, attorneys' fees, and costs. (Doc. 11 at 14-15.)

The subscription Defendants should have paid Plaintiff was $1,200.00. (See Doc. 11-1 ¶ 7; Doc. 11 at 10.) There is no evidence that Defendants charged patrons a cover to enter the Bar; indeed, Robinette was not charged one. (Doc. 11-3 at 1.) Robinette's affidavit states that at any given time while he was at the Bar, there were 3 to 5 "people." (Id. at 2.) But this is problematic, as he does not distinguish them as "patrons," and he earlier describes two employees (a manager/doorman, and a

11

bartender).  (Id. at 1.)  This headcount could easily include the two employees (who may be agents of the Bar and not includable), and Robinette (who similarly should not be included).  Joe Hand Promotions, Inc. v. Lawhon, No. 1:14CV459, 2016 WL 160730, at *2 (M.D.N.C. Jan. 13, 2016) (excluding employees and affiant, citing cases).  So, for damages purposes, Defendants will be accountable for two patrons, representing the largest number (five) less the three persons who cannot be counted.

Though Defendants appear to have advertised the Program, it is unclear whether they profited directly from the event.  (See Doc. 11 at 9; Doc. 11-1 ¶ 15.)  However, these Defendants acted willfully.  As "signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems," Defendants must have willfully acted in order to procure the Program.  See Joe Hand Promotions, Inc. v. Lawhon, No. 1:14CV459, 2016 WL 160730, at * 2 (M.D.N.C. Jan. 13, 2016) (citing J & J Sports Prods., Inc. v. El Tropicabana, No. 3:12CV800, 2013 WL 3270563, at *3 (E.D. Va. June 26, 2013)).

The court finds that statutory damages in the amount of $1,400.00 is appropriate.  This includes the $1,200.00 license fee Defendants should have paid, and $100.00 each for two patrons that were present for Robinette's headcount.  (Doc. 11-3 at 2.)  In addition, the court will award enhanced damages in the amount of $2,400.00 because of the willful nature of these Defendants'

12

conduct. See J & J Sports Prods., Inc. v. Romenski, 845 F. Supp. 2d 703, 708 (W.D.N.C. 2012) (awarding total damages equal to treble the sublicense fee). The court awards Plaintiff the estimated attorneys' fees of $1,500.00. See Joe Hand Promotions, Inc. v. Lawhon, 2016 WL 160730 at *2 (awarding $1,500 in attorney's fees even though counsel did not submit a memorandum on the reasonableness of the amount). Finally, the court awards costs in the amount of $448.91. The costs include $402.00 for the filing fee and $46.91 for the costs for the two properly served Defendants. (See Doc. 12 ¶ 11). The court does not award the service of process costs for the two improperly served Defendants.

In total, the court awards $3,800.00 in damages plus $1,948.91 in attorneys' fees and costs for a total of $5,748.91.

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that default judgment be entered against Defendants Jennifer Davis and Darlene Wilson, jointly and severally, in the amount of $5,748.91 in damages, costs, and attorney's fees;

IT IS FURTHER ORDERED that Plaintiff has sixty days to file a supplemental memorandum of law and appropriate proof, including affidavits, to support its contention that default judgment against them is proper;

IT IS FURTHER ORDERED that pursuant to Federal Rule of Civil

Procedure 54(b), final judgment will not be entered until Plaintiff either files a supplemental memorandum of law and appropriate proof as to Defendants Williams and GFL United, or upon other appropriate motion. Failure to take proper action as to these remaining Defendants within this time frame may result in the court vacating the entry of default against them.

/s/   Thomas D. Schroeder
United States District Judge

December 9, 2022

14